OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants for an order granting them summary judgment dismissing plaintiff’s complaint in this action, on the ground that there are no triable issues of fact to be determined by the court.
The plaintiff opposes the motion and cross-moves for an order granting him a stay pending the appeal to the Appellate Division or, in the alternative, granting the plaintiff summary judgment in the amount demanded in the complaint.
Main Brothers Oil Company, Inc. (hereinafter referred to as Main Bros.) established a noncontributory profit-sharing plan and trust on July 25,1957, for the benefit of its employees. The defendants are trustees of that plan. Plaintiff was an employee of Main Bros., employed at Hoosick Falls, New York, from September 14, 1970 to December 21, 1976. On that date, Main Bros, sold its assets at Hoosick Falls and discontinued operations at that location, thereby terminating the employment of seven employees, including the plaintiff.
Main Bros, employed 50 people at the time of the sale, 34 of whom participated in the plan, including the plaintiff. As a result of the sale 7 of 34 employees participating in the plan *296 were terminated from the plan. Of the 7 employees whose employment was terminated, the rights of 5 of those employees were fully vested under the terms of the plan and they received their entire vested benefit. A sixth employee was, at that time, completely unvested and accordingly received nothing. The plaintiff was 20% vested pursuant to the terms and provisions of the plan, based upon his six years of service with Main Bros.
Upon his termination, the defendant trustees paid to plaintiff the sum of $1,314.73, representing contributions made on his behalf to the plan by Main Bros, during plaintiff’s employment, pursuant to the vesting schedule contained in article IV (4) (a) of the plan, as amended by agreement dated May 26, 1977, effective July 1, 1976. Plaintiff subsequently made a demand upon the trustees claiming he was entitled to additional funds from the profit-sharing trust because the sale of Main Bros, assets at Hoosick Falls and the termination of its employees constituted a “partial termination” of the trust. The trustees refused this demand on the ground that no such “partial termination” had occurred. Plaintiff then commenced the instant action in Supreme Court against the trustees of Main Bros, for amounts allegedly due him under the profit-sharing trust.
Due to the amount involved, the matter was placed on the Arbitration Calendar of this pourt. The matter initially came on to be heard before an arbitration panel on April 13,1984. Due to a mix-up, no notice of the arbitration hearing was sent to the attorneys for the defendants; rather, it was sent to the prior attorney for the defendants who had been substituted for long since. An award was made in plaintiff’s favor by default on that date. Defendants thereupon made application to this court for an order vacating the default and the arbitration award based on the default, and restoring this matter to the Arbitration Calendar. Said application was granted by order dated May 26, 1984. Plaintiff has filed a notice of appeal as to that order but has never perfected that appeal.
The matter came on again before an arbitration panel on July 9,1984, at which time certain operative facts were stipulated to by the parties. An arbitration award was issued on July 31, 1984, dismissing plaintiff’s complaint. Plaintiff filed and served a demand for trial de nova on September 25,1984, and the action was returned to the Day Calendar of Supreme Court.
Defendants contend that the sole issue to be determined by this motion is one of law and that is, whether Main Bros, discharge of 7 of 34, or 20.6%, of participating employees constituted a partial termination of the trust agreement in accordance *297 with section 411 (subd [d], par [3]) of title 26 of the United States Code and the regulations promulgated thereunder. Defendants further contend that based upon the applicable statutes, regulations and case law, a partial termination of the plan did not occur in this case.
This court must agree with the contentions of the defendants. Only 7 of 34, or 20.6%, of participating employees were terminated from the Main Bros, trust agreement as the result of the sale of the Hoosick Falls operation. This does not constitute a significant number or percentage of employees such as would constitute a partial termination (see Weil v Retirement Plan Administrative Committee, 577 F Supp 781). Plaintiff has failed to establish that Main Bros, termination of seven employees was solely to deprive employees of benefits or was solely for any other questionable purpose. Plaintiff has failed to satisfy the criteria to support a finding of a partial termination.
Further, the plaintiff’s cross motion for a stay pending appeal must be denied as plaintiff has never perfected his appeal from the order of May 26, 1984 and his time to appeal has long since expired.
Defendants’ motion for summary judgment dismissing the complaint is granted and the plaintiff’s cross motion is denied.